[No. 22344. Department Two. September 8, 1930.]

MARION C. PATTERSON, *Respondent,* v. E. E. ERICSON et al., *Appellants.*[1]

*Elias A. Wright* and *Sam A. Wright,* for appellants. *Charles H. Graves* and *Ethan Allen Peyser,* for respondent.

MITCHELL, C. J.—In this action Mrs. Marion C. Patterson sued Mr. E. E. Ericson and his wife Emeline

[1]Reported in 290 Pac. 998.

Ericson on two causes of action. The first cause, as amended at the trial, alleged two loans of money aggregating $475, upon which payments of thirty dollars and fifteen dollars respectively, were admitted. In the second cause of action, the defendants were charged with the conversion of an automobile belonging to the plaintiff.

In their answer, the defendants denied any loan of money to them, and, in addition to such denial, pleaded as an offset, the reasonable value of the use by the plaintiff of an automobile belonging to the defendants in the sum of five hundred dollars. As to the second cause of action, in addition to a general denial, it was affirmatively alleged that the automobile which plaintiff claimed was converted by the defendants was, as a matter of fact, given to the defendants by plaintiff, and then, by way of cross-complaint, judgment was demanded against the plaintiff on account of board and lodging furnished her by them for twenty-nine months at fifty dollars per month. The plaintiff, by reply, denied the allegations of the affirmative defenses and cross-complaint contained in the answer.

Upon the trial of the case without a jury, findings of fact, conclusions of law and judgment were entered in favor of the plaintiff in the sum of $1,205.78, consisting of $305.78 on account of plaintiff's first cause of action and nine hundred dollars on the second one. Defendants took proper exceptions to the findings and conclusions, and, upon the denial of a motion for a new trial, have appealed from the judgment.

It is admitted on behalf of the appellants that the assignments of error, all of which are argued together, present only questions of fact and are directed to the sole inquiry of whether the findings, conclusions and judgment are justified and sustained by the evidence. Counsel, admitting the rule repeatedly an-

nounced by this court with respect to the deference given in such circumstances to the judgment of the trial court, insists that substantial injustice has been done his clients in this case.

We have examined the record and do not feel justified in departing from the usual rule in such cases. True, in many respects there were conflicts in the evidence, and in some instances corroboration, as the record shows upon its face. But altogether, and especially considering explanations made by the respondent concerning testimony claimed to be adverse to the findings and judgment, we think the trial court reached the proper result. Without doubt, the controlling proof in the case was the oral testimony of witnesses in open court, in fact nearly all of it was of that kind, and upon a careful examination of it, as already stated, we are unable to say that it does not clearly preponderate in favor of the findings and judgment.

Affirmed.

MAIN, FRENCH, FULLERTON, and HOLCOMB, JJ., concur.